**Ayele ASHEBER, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74338.**
**Agency No. A75–600–435.**

United States Court of Appeals,
Ninth Circuit.

May 7, 2004.

Edward W. Pilot, Esq., Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, OIL, Nancy E. Friedman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before NOONAN, KLEINFELD, and BERZON, Circuit Judges.

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74338.**
**Agency No. A75–600–435.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2004.*

Decided May 7, 2004.

Kleinfeld, Circuit Judge, filed opinion concurring in part and dissenting in part.

Edward W. Pilot, Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, OIL, Nancy E. Friedman, U.S. Department of Justice, Washington, DC, for Respondent.

Before NOONAN, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM**

■ Petitioner Ayele Asheber argues that the immigration judge's determination that Asheber was ineligible for asylum on the basis that he had firmly resettled in Canada before entering the United States is not supported by substantial evidence. The former Immigration and Naturalization Service presented evidence to the immigration judge showing that Asheber was granted permanent residence in Canada on May 24, 1998. Having obtained permanent residence status in Canada prior to his June 13, 1998 arrival in the United States and having emigrated to Canada with an intention to remain there, Asheber met the definition of being firmly resettled. *See* 8 C.F.R. § 208.15. As Asheber failed to prove that he qualified for either of the exceptions described in 8 C.F.R. § 208.15(a) or (b), there was substantial evidence for the immigration judge's determination that Asheber was ineligible for asylum on the basis of his firm resettlement in Canada prior to entering the United States.

■ Asheber also objects to the summary affirmation of the immigration judge's decision by a single member of the Board of Immigration Appeals without explanation. In *Falcon Carriche v. Ashcroft,*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

350 F.3d 845, 851 (9th Cir.2003), we held that it does not violate due process for a single Board member to decide an appeal or for the Board to affirm an immigration judge's decision without issuing an opinion.

Asheber has pending an adjustment of status application filed on his behalf by his American-citizen wife. We lack jurisdiction to consider the impact of the application, though Asheber may raise the question before the Board via a motion to reopen. *Ortiz v. INS,* 179 F.3d 1148, 1152 (9th Cir.1999). We will stay our mandate for ninety days to provide Asheber an opportunity to move the BIA to reopen his case and seek a stay of removal from the Board while it considers that motion. *See id.* at 1153. Asheber may ask the Department of Homeland Security to join in the motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(iii). If Asheber files a motion to reopen with the Board within ninety days of the filing of this amended disposition, the stay will continue in effect until the Board disposes of the motion. If no such motion is made, his petition for review will be denied for the reasons stated herein, and the mandate will be filed. Counsel are to file a status report ninety days from the date of this disposition, and every ninety days thereafter.

**PETITION FOR REVIEW DENIED.**

KLEINFELD, Circuit Judge, concurring in part and dissenting in part.

I concur in the amended memorandum disposition with the exception of the last paragraph, from which I respectfully dissent.